NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN D. JAFFE,   :<br>  :<br>   Plaintiff,   :<br>  :<br>   v.   :<br>  :<br> VATECH, INC.; VATECH E-WOO   :<br> TECHNOLOGY USA, INC.; YOON   :<br> PARK; and JOHN DOE 1-10 (a fictitious   :<br> entity), jointly and severally, and/or in the   :<br> alternative,   :<br>  :<br>   Defendants.   : | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civ. No. 10-5652 (DMC) (JAD) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon the motion of Defendants Vatech America, Inc. (formerly known as E-Woo Technology USA, Inc.) ("Vatech America" or "the Company") and Yook Park ("Mr. Park") (collectively, "Defendants"), to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. No oral argument was heard under Rule 78. For the reasons set below, the motion is granted in part and denied in part.

**I. BACKGROUND**[1]

Plaintiff is a resident of California and Defendant Vatech America is incorporated in New Jersey. Compl. ¶¶1-2.  Mr. Park is an employee of Vatech America who had supervising authority over Plaintiff. <u>Id.</u> at ¶5.

---

[1] The facts in the Background section have been taken from the parties' submissions.  On this motion to dismiss, the Court will accept the factual allegations in the Complaint and Amended Complaint as true and construe all facts in Plaintiff's favor.

Plaintiff began his employment with the Company on or about August 11, 2009 as Vice President for Sales and Marketing. Id. at ¶¶ 10-11. At this time, Vatech America's business operations were located in Texas. Id. at ¶ 11; Defs.' Br. at 2. Upon commencing his employment, Plaintiff entered into an Employment Agreement (the "2009 Agreement") in which Vatech America agreed to pay him $130,000 plus commissions. The 2009 Agreement also stipulated that either Plaintiff or the Company could terminate the agreement with one month's notice. Park Decl., Ex. 1. The Company relocated its offices to Secaucus, NJ on March 15, 2010. Park Decl. ¶ 7. One month prior to the move, Plaintiff entered into a new compensation agreement with the Company (the "2010 Agreement"), effective on March 1, 2010, that increased his salary to $160,000. Compl. ¶15; Park Decl., Ex. 2. The 2010 Agreement also stated that "the term of this agreement shall be one year unless the company terminates you for cause as defined in Appendix A." Park Decl., Ex. 2. The attached Appendix A provided that:

> Cause is defined as, but not limited to, the intentional act of fraud, embezzlement, theft or any other material violation of law, intentional damage to company's property, intentional disclosure of Company's confidential information and willful conduct to you that is demonstrably and materially injurious to Company, employment either part-time or full time with another company.

Id.

On April 5, 2010, Mr. Park emailed Plaintiff and notified him that his employment was being terminated. Compl. ¶19. In this email, Mr. Park informed Plaintiff that "dealer people" had not been accepting the sales team and at a particular conference he received "tremendous complaint" from dealers about the company's "lack of organized support and attitudes of our sales persons." Park Decl., Ex. 3. Plaintiff was told the he was allowed to remain in the company until May 5, 2010.

Plaintiff subsequently filed the present diversity Complaint alleging breach of the

employment contract, violations of his rights under the Law Against Discrimination, N.J. Stat. Ann. 10:5-1, et seq. ("NJLAD"), and that Mr. Park violated his rights under NJLAD by aiding and abetting the discrimination by Defendants.

## II. **STANDARD OF REVIEW**

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp., 550 U.S. at 555.

On a motion to dismiss, "a district court . . . may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).[2]

---

[2]Defendants have attached copies of the employment agreements referenced in the Complaint as well as an email written by Mr. Park that is expressly quoted in the Complaint. As these documents are explicitly relied upon by Plaintiff, they will be considered for the purposes of the present motion.

### III. DISCUSSION

A. NJLAD Claims

Defendants argue that Plaintiff is barred from asserting an NJLAD claim because the Company was only located in New Jersey for the last three weeks of Plaintiff's employment. "New Jersey courts have consistently applied the law of the state of employment to workplace claims, and have therefore only applied the NJLAD if the plaintiff worked in New Jersey." Satz v. Tapina, No. CIV.A. 01-5921 (JBS), 2003 WL 22207205, at *16 (D.N.J. Apr. 15, 2003). Here, there are no allegations in the Complaint that Plaintiff worked in New Jersey at any point during his tenure with the Company. The Complaint merely states that the Company was located in New Jersey. Accordingly, all of Plaintiff's NJLAD claims are dismissed without prejudice.

B. Breach of Employment Contract Claim

"Under New Jersey law a breach of contract claim requires proof of three elements: a valid contract, defective performance by the defendant, and resulting damages. White v. Smiths Detection, Inc., No. 10-4078 (SRC), 2011 U.S. Dist. LEXIS 62497, at *4 (D.N.J. June 6, 2011) (citation and internal quotation marks omitted). Here, Plaintiff has satisfactorily plead all the required elements.

Defendants argue that Plaintiff's claim for breach of contract is wholly illusory because "[e]ven assuming Vatech America agreed to employ Plaintiff through December 31, 2010 subject only to termination for 'cause' . . . what did Vatech America get in exchange?" Defs.' Br. 7. This argument lacks merit, however, because it fails to account for the fact that the 2010 Agreement extended Plaintiff's employment beyond December 31, 2010. Whereas the 2009 Agreement expired

on December 31, 2010, the plain language of the 2010 Agreement indicates that it went into effect on March 1, 2010 and expired one year later, absent termination for cause.  The fact that Plaintiff agreed to extend his employment beyond December 31, 2010 furnishes consideration for the 2010 Agreement.  See Shebar v. Sanyo Bus. Sys. Corp., 111 N.J. 276 (1988) ("The essential requirement of consideration is a bargained-for exchange of promises or performance that may consist of an act, a forbearance, or the creation, modification, or destruction of a legal relation.").  Therefore, there the 2010 Agreement is not illusory.

Defendant next asserts that there has not been a breach of the 2010 Agreement because although that agreement "provided examples of grounds for termination, it did not purport to list *every* such ground, and it did not abrogate Vatech America's otherwise unfettered right to terminate Plaintiff's employment on one month's notice." Defs.' Br. 6.  Defendants are essentially arguing that the "for cause" language in the 2010 Agreement was so expansive that Defendants could have terminated Plaintiff's employment for any reason whatsoever.  The Court finds this position to be unavailing because it would render the "for cause" provision meaningless.

Plaintiff alleges that at the time of his termination he was "an above average employee," "well-respected by his peers," and had "performed all of his job functions pursuant to his employer's reasonable expectations." Compl. ¶18. Mr. Park's April 5, 2010 email terminating Plaintiff's employment noted that "you did very hard work and a great job up to now." Park Decl., Ex. 3. Given these alleged facts, Plaintiff has made a viable claim for termination without cause, which would have been a breach of the 2010 Agreement.

### IV.  CONCLUSION

For the reasons stated, Defendants' motion is granted in part and denied in part.

S/Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | August  23 , 2011 |
| Orig.: | Clerk |
| cc: | All Counsel of Record |
| | Hon. Joseph A. Dickson, U.S.M.J. |
| | File |